UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HEATHER SHERMAN, individually and
on behalf of others similarly situated
    Plaintiff,

v.                                               Case No:   2:12-cv-635-FtM-29DNF

CORIZON HEALTH, INC.,
    Defendant.

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause is before the Court on the parties' Joint Motion for Approval of Settlement (Doc. 67) filed on October 22, 2014, and the Settlement Agreement and Release of Claim (Doc. 67-1). The Plaintiff, Heather Sherman, and the Opt in Plaintiffs, Mary Ann Pac, Robin Holcomb, Janet Memoli, Cindy Hicks, Heather Pereira, Kathleen Rogers, Angela McLaughlin, and Joann Palazzo (collectively "Plaintiffs") and Defendant Corizon Health, Inc. ("Corizon") are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the

settlement is fair and reasonable.  *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff assert that while they worked for Corizon, Corizon automatically deducted a 30-minute meal break from their workdays, but they did not actually have meal breaks, and had to perform their assigned duties during the time designated as meal breaks.  The Plaintiffs argue that they should have been compensated for the times when they actually worked during meal breaks, and Corizon failed to pay them.  There are disputed issues in this case as to whether the Plaintiffs did receive appropriate compensation for their meal breaks.  This case has been litigated for almost two years, and the parties have engaged in extensive arms-length negotiations and significant discovery and motion practice. The Plaintiffs did file a Motion to Conditionally Certify an FLSA Collective Action (Doc. 62) on July 14, 2014. The discovery produced by Corizon indicated that many of the Plaintiffs did not regularly work 40 or more hours in a week, thus even if they worked during a meal break, they were not entitled to overtime; one Plaintiff did not work within the applicable two year statute of limitations period; the Plaintiffs did not have meal breaks deducted for every work day; and some missed meal breaks were compensated.  (Doc. 67, p. 3-

4). The parties engaged in settlement negotiations and reached a reasonable compromise of all disputed issues in the case. The total amount of the settlement is $192,368.00. The Plaintiffs' settlement totaled $49,958.55, and the amount was individually computed for each Plaintiff based on the time-and–a-half overtime rates for each individual while employed within the statute of limitations, and assuming three meal breaks per week were missed or interrupted, but were deducted without compensation within the three year statute of limitations. (Doc. 67, p. 6). The parties computed the damages by using 80% of the workweeks for each of the Plaintiffs, and considering that 20% of the workweeks were non-overtime workweeks in which no damages were owed. The Defendant agreed to allow three years to determine the amount of back pay. The liability period is two years unless a willful violation is found, and then it is three years. The Defendant does not admit any liability, however, for purposes of settlement was willing to make this concession. (Doc. 67, p. 6). The Plaintiffs agree that they are being compensated in full for all possible missed meal breaks within the three year statute of limitations period plus an equal amount in liquated damages. (Doc. 67, p. 7).

The following is a chart of the Plaintiffs' settlement amount that is attached to the Settlement Agreement and Release of Claims (Doc. 67-1):

| Name | Unliquidated Damages | Liquidated and Unliquidated Damages |
|---|---|---|
| Heather Sherman | $1,829.52 | $3,659.04 |
| Mary Pac | $4,521.35 | $9,042.70 |
| Joann Palazzo | $4,025.51 | $8,051.02 |
| Heather Pereira | $4,157.60 | $8,315.21[1] |
| Kathleen Rogers | $1,361.25 | $2,722.50 |

---

[1] Heather Pereira's calculation is $4,157.60 x 2 = $8,315.20, and the amount in the chart is $8,315.21. Cindy Hicks calculation is $2,708.96 x 2 = $5,417.92 whereas the amount in the chart is $5,417.93. Angela McLaughlin's calculation is $1,420.31 x 2 = $2,840.62 whereas the amount in the chart is $2,840.63. Further, when the Court adds the liquidated and unliquidated damages together, the total amount is $49,958.57, whereas the chart indicated $49,958.55.The Court will not quibble over a few penny difference in calculation.

| Robin Holcomb | $911.25 | $1,822.50 |
| Janet Memoli | $4,043.52 | $8,087.04 |
| Cindy Hicks | $2,708.96 | $5,417.93 |
| Angela McLaughlin | $1,420.31 | $2,840.63 |
| **Total** | | **$49,958.55** |

The Court determines that the liquidated and unliquidated damages are reasonable in this case.

The Settlement Agreement also provides for the Named Plaintiff, Heather Sherman to receive a service payment of $2,500.00 to compensate her for her "diligence, commitment and investment" in this lawsuit. (Doc. 67, p. 8). Incentive awards are routinely awarded to named plaintiffs for the services they provided and the risks they undertook during the litigation. *Hosier v. Mattress Firm, Inc.*, 2012 WL 2813960, *5 (M.D. Fla. June 8, 2012) (quoting *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001) (additional citations omitted). The Court determines that a service payment of $2,500.00 to Heather Sherman is reasonable.

The Defendant agrees to pay $130,442.28 in attorneys' fees and $9,467.17 in costs. The amount of attorneys' fees was negotiated separately from the Plaintiffs' recovery and did not affect the amount of Plaintiffs' recovery. Pursuant to *Bonetti v. Embarq Management Company*, 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." Judge Presnell concluded that

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee

>   was agreed upon separately and without regard to the amount paid to the
>   plaintiff, then, unless the settlement does not appear reasonable on its
>   face or there is reason to believe that the plaintiff's recovery was
>   adversely affected by the amount of fees paid to his attorney, the Court
>   will approve the settlement without separately considering the
>   reasonableness of the fee to be paid to plaintiff's counsel.

*Id*. In the instant case, the settlement was reached, and the attorneys' fees were agreed upon separately and without regard to the amount paid to the Plaintiffs. The Settlement Agreement and Release of Claims (Doc. 67-1) appears reasonable on its face.

The amount of attorney's fees is substantial. Although not required under *Bonetti*, *supra*, the Court reviewed the docket to determine if the work done in this file justifies the amount of fees. The Complaint (Doc. 1) was filed on November 28, 2012, and this case has been pending almost two years. An Amended Complaint (Doc. 19) was filed on February 8, 2013. The opt-in Plaintiffs filed Notices of Consent to Join (Docs. 27, 28, 29, 30, 32, 33, 35). The parties attempted to settle this action and filed Joint Reports Regarding Settlement (Docs. 34, 36, 37, 39, 43). The parties then filed a Joint Report Regarding Settlement (Doc. 43) indicating that the parties had reached an impasse. A Case Management Report (Doc. 49) was filed. The Plaintiffs filed their Answers to Court Interrogatories for the Opt-in Plaintiffs. (Doc. 56-61). The Plaintiffs filed a Motion to Conditionally Certify an FLSA Collective Action and Authorize Notice to Potential Collective Members (Doc. 62) which was 25 pages in length, and had approximately 200 pages in exhibits. The Defendants produced tens of thousands of lines of data which represented time records and pay records for the Plaintiffs. (Doc. 67, p. 3). After review of all the records, the parties recognized that the Plaintiffs' claims for overtime damages under the FLSA were less than originally thought, and their recovery in the proposed settlement is commensurate with the actual uncompensated overtime hours worked. (Doc. 67, p. 4). The parties reviewed multiple sets of

data and payroll records for each Plaintiff, as well as other documents and declarations. (Doc. 67, p. 3). To reach a settlement in this matter with these Plaintiffs, the Court recognizes that a great deal of time was spent in reviewing the time and payroll records of the Defendant and comparing that to the records of the Plaintiffs to reach a fair and reasonable resolution of the claims. Therefore, the Court finds that the amount of fees and costs to be reasonable and the settlement overall to be fair and reasonable.

**IT IS RESPECTFULLY RECOMMEDED:**

1) That the Joint Motion for Approval of Settlement (Doc.67) be **GRANTED** and the Settlement Agreement and Release of Claims (Doc. 67-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

2) The Court further recommends that if the District Court adopts this Report and Recommendation, and the Clerk be directed to dismiss this action with prejudice and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on October 29, 2014.

*/s/ Douglas N. Frazier*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties